```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
TASHIA CARTER,

                    Plaintiff,

        -against-                               Case No.:

THE CITY OF NEW YORK,
POLICE OFFICER ALBERT JACKSON Shield # 01066,
POLICE OFFICER DAVID TERRELL, Shield # 16032,
JOHN DOES #1-2,

                    Defendants.
------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 10 2007 ★
BROOKLYN OFFICE

CV 07 3769

COMPLAINT

AMON, J.

GO. M.J.

PLAINTIFF TASHIA CARTER, by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, allege upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF TASHIA CARTER (hereinafter "CARTER") seeks damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about June 13, 2006 at approximately 12:00 P.M., at or near the Carribean Restaurant located at 575 Lincoln Place, Brooklyn, New York, 11216. CARTER was falsely arrested by Defendants including, but not limited to, POLICE OFFICER ALBERT JACKSON Shield # 01066  It is alleged that Defendants maliciously prosecuted CARTER in violation of her constitutional rights. While in custody CARTER was unlawfully detained for approximately twenty four (24) hours. All charges against CARTER were eventually dismissed. As a result

of the above, CARTER suffered physical injuries, mental injuries, humiliation, shame, damage to reputation, lost wages, and future earnings.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. CARTER at all times resided at 225 Eastern Parkway, Brooklyn, NY 11238.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER ALBERT JACKSON Shield # 01066 (hereinafter " JACKSON") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant POLICE OFFICER DAVID TERRELL, Shield # 16032 (hereinafter "TERRELL") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7. At all relevant times hereto, Defendants were acting under the color of state and local

law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8. On or about June 13, 2006 at approximately 12:00 P.M., at or near Carribean Restaurant, 575 Lincoln Place, Brooklyn, New York CARTER was present inside the restaurant when four undercover officers entered the restaurant..

9. An officer demanded that CARTER produce identification. CARTER presented identification. CARTER then put her identification back in her wallet.

10. An officer then demanded that CARTER re-produce identification. As CARTER was walking to get her identification, without explanation an officer grabbed CARTER with excessive force and handcuffed her. CARTER suffered swollen wrists and bruising as a result of the arrest.

11. CARTER was then transferred to the 77th precinct and then Central Booking, Kings County. CARTER was released on her own recognizance after approximately 24 hours in custody.

12. CARTER returned to court several times regarding the above criminal matter. On July 24, 2007 all charges were dismissed pursuant to CPL 30.30.

13. Due to CARTER's arrest and subsequent court dates, CARTER lost time from her work. CARTER was required to inform her employer of her arrest.

14. That heretofore and on the 11th day of July, 2006, CARTER's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of CARTER, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

15. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

16. Paragraphs 1 through 15 of this complaint are hereby realleged and incorporated by reference herein.

17. That Defendants had neither valid evidence for the arrest of CARTER nor legal cause or excuse to seize and detain him for approximately three days.

18. That in detaining CARTER for approximately three days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

19. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby

failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

20. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

21. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of CARTER's rights alleged herein.

22. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of CARTER's rights, subjected CARTER to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

23. By reason of the foregoing, CARTER suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

24. Paragraphs 1 through 23 are hereby realleged and incorporated by reference herein.

25. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the

seizure was unreasonable under the circumstances.

26. That Defendants had no legal cause or reason to use excessive force in effectuating CARTER's arrest.

27. That Defendants violated CARTER's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

28. That at the time of the arrest, CARTER did not pose a threat to the safety of the arresting officers.

29. That CARTER was not actively resisting arrest or attempting to evade arrest.

30. That defendant CITY, through its officers, agents, and employees, unlawfully subjected CARTER to excessive force while effectuating his arrest.

31. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

32. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of CARTER's rights, subjected CARTER to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

33. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

34. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional

violations on the part of their officers, staff, agents and employees.

35. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

36. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of CARTER's rights alleged herein.

37. By reason of the foregoing, CARTER suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

38. Paragraphs 1 through 37 are hereby realleged and incorporated by reference herein.

39. That Defendants with malicious intent, arrested CARTER and initiated a criminal proceeding despite the knowledge that CARTER had committed no crime.

40. That the criminal matter against CARTER was terminated in his favor and the court dismissed all charges against her.

41. That there was no probable cause for the arrest and criminal proceeding.

42. That by reason of Defendants' acts and omissions, Defendants, acting under the color

of state law and within the scope of their authority, in gross and wanton disregard of CARTER's rights, deprived CARTER of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

43. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, CARTER was maliciously prosecuted despite the fact that he had committed no violation of the law.

44. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

45. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of CARTER's rights alleged herein.

47. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

48. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

49. That by reason of the foregoing, CARTER suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IV. FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

50. Paragraphs 1 through 49 are hereby realleged and incorporated by reference herein.

51. That Defendants acted with malicious intent, arrested CARTER and initiated a criminal proceeding despite the knowledge that CARTER had committed no crime.

52. That the criminal matter was dismissed in CARTER's favor.

53. That there was no probable cause for the arrest and criminal proceeding.

54. Defendants knew or should have known that there was no likelihood of a conviction of CARTER.

55. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of CARTER's rights, deprived CARTER of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

56. That by reason of the foregoing, CARTER suffered physical and psychological

injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## V. FIFTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

57. Paragraphs 1 through 56 are hereby realleged and incorporated by reference herein.

58. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

59. That at all times Defendants were acting within the scope of their employment.

60. That Defendant CITY was able to exercise control over Defendants activities.

61. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

62. By reason of the foregoing, CARTER suffered physical injury, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VI. SIXTH CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

63. Paragraphs 1 through 62 are hereby realleged and incorporated by reference herein.

64. That the seizure, detention and imprisonment of CARTER was unlawful in that Defendant City had no probable cause to detain, arrest and/or imprison CARTER.

65. That defendants intended to confine CARTER.

66. That CARTER was conscious of the confinement and did not consent to the confinement.

67. That the confinement was not otherwise privileged.

68. By reason of Defendant CITY acts and omissions, Defendant CITY, acting in gross and wanton disregard of CARTER' rights, deprived CARTER of his liberty when they subjected CARTER to an unlawful, illegal and excessive detention, in violation of State law.

69. That by reason of the foregoing, CARTER suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. SEVENTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

70. Paragraphs 1 through 69 are hereby realleged and incorporated by reference herein.

71. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

72. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

73. That Defendants had no legal cause or reason to use excessive force in effectuating CARTER's arrest.

74. That at the time of the arrest, CARTER did not pose a threat to the safety of the arresting officers.

75. That CARTER was not actively resisting arrest or attempting to evade arrest.

76. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

77. That by reason of Defendants acts and omissions, Defendants, acting under color of

state law and within the scope of their authority, in gross and wanton disregard of CARTER's rights, subjected CARTER to excessive force while effectuating his arrest, in violation of the laws of the State of New York

78. By reason of the foregoing, CARTER suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, CARTER has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, CARTER respectfully requests that judgment be entered:

1. Awarding CARTER compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding CARTER punitive damages in an amount to be determined by a jury;

3. Awarding CARTER interest from June 13, 2006; and

4. Awarding CARTER reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
       September 7, 2007

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072